■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. WHALEN, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered December 13, 1982, upon a verdict convicting defendant of the crimes of grand larceny in the first degree, unlawful imprisonment in the second degree and attempted robbery in the second degree. The conviction of grand larceny in the first degree was premised upon an encounter on November 12, 1981 between defendant and the complainant, Larry Holbrook, at the Oneonta office of the New York State Department of Labor, Unemployment Division. During the encounter, defendant threatened Holbrook by pulling a knife and placing it against Holbrook's abdomen and demanded immediate payment of $600 owed by Holbrook to defendant. Allegedly, because of the threat, Holbrook was not permitted out of defendant's presence until such time as Holbrook was able to borrow $150 and give it to defendant. At trial, the court refused defendant's request to charge grand larceny in the third degree as a lesser included offense. Defendant argues that this was reversible error. The two-prong test used to establish entitlement to a charge of a lesser included offense is well defined in *People v Glover* (57 NY2d 61, 63). Application of that test may result in a determination that defendant has met the first prong, but the trial court properly determined that he did not satisfy the second prong. No reasonable view of the evidence would support a finding that defendant committed the lesser offense but not the greater. Although grand larceny in the first degree and grand larceny in the third degree both define larceny as the stealing of property by means of extortion, the courts have drawn a distinction between the two types of extortion. "[D]espite the verbal duplication in the lower degree, the drafters and the Legislature intended that the general rule be that coercion in the first

degree, the felony, be charged whenever the method of coercion was to instill a fear of injury to a person or damage to property. Making the misdemeanor offense 'all-inclusive' is apparently a 'safety-valve' feature included in the event an unusual factual situation should develop where the method of coercion is literally by threat of personal or property injury, but for some reason it lacks the heinous quality the Legislature associated with such threats" (*People v Eboli*, 34 NY2d 281, 287). In the instant case, defendant placed a knife against complainant's abdomen and demanded the money owed. This extortion cannot be viewed as lacking in heinous quality (*People v Pereau*, 99 AD2d 591). Accordingly, the trial court properly denied defendant's request to charge grand larceny in the third degree. As a second challenge to his conviction, defendant argues that his conviction of attempted robbery in the second degree was legally impossible in view of the fact that neither of the two codefendants who were jointly tried with defendant was convicted of attempted robbery in the second degree. One was acquitted completely and the other was convicted of attempted robbery in the third degree. The attempted robbery convictions arose out of events which occurred the day following defendant's extortion of $150 from Holbrook. On that day, defendant and his two codefendants traveled to Holbrook's residence to collect the remaining $450 owed. Once there, defendant demanded the money. When informed that no money was available, defendant attempted to strike Holbrook with his fist and to stomp on his toes. Police officers, who had been alerted and who had concealed themselves in a bathroom adjacent to the scene of the encounter, then thwarted defendant's further efforts and no robbery was completed. The trial court charged the jury that, in order to convict any of the defendants, the jury must find that the efforts of that defendant were aided by another actually present. The People took no exception to the charge. Consequently, it is deemed that they waived the alternative charge of attempting to commit a robbery by causing physical injury to any person who is not a participant in the crime (Penal Law, § 160.10, subd 2, par [a]). Defendant argues that the jury must have found that neither of his codefendants aided him, as evidenced by the fact that one was acquitted and the other was convicted of only attempted robbery in the third degree which did not require the aid of anyone to commit. We agree. The verdict of the jury was inconsistent. By acquitting the codefendants of aiding another (the principal difference between robbery in the second degree and robbery in the third degree), the jury determined that no defendant aided another in the commission of the crime (*People v Hampton*, 92 AD2d 490; *People v Fallon*, 78 AD2d 659, 660). Consequently, defendant's conviction of attempted robbery in the second degree must be reduced to a conviction of attempted robbery in the third degree, which the record does support most completely. As a challenge to the sentence imposed, defendant argues that the presentence report contained information which was prejudicial and scandalous. Defendant was sentenced to an indeterminate term of not less than three years or more than nine years for the grand larceny in the first degree conviction, an indeterminate term of not less than two and one-third years or more than seven years for attempted robbery in the second degree, and one year for unlawful imprisonment in the second degree, the sentences to run concurrently. Defendant has made no showing, nor does the record reveal, that the sentencing court relied on the alleged prejudicial information nor, in fact, that the information was inaccurate. A presentence report may include any relevant information on the history of the defendant (CPL 390.30) and may include history not only of prior offenses for which defendant has been convicted, but even offenses for which he has not been convicted (*People v Wright*, 104 Misc 2d 911, 920). As a final issue, defendant contends that the sentence imposed was excessive and overly harsh. This court will not reduce a

sentence unless there is a clear abuse of discretion in the imposition of a sentence (*People v Du Bray,* 76 AD2d 976, 977). No abuse has been established in this case. Consequently, we affirm the sentence imposed except that for attempted robbery in the second degree, which will be remitted to County Court in accordance with this decision. Judgment modified, on the law and the facts, by reversing defendant's conviction of the crime of attempted robbery in the second degree and reducing it to the crime of attempted robbery in the third degree; matter remitted to County Court of Otsego County for resentencing in accordance with this decision; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.