■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REDMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that his due process rights were violated at sentencing when he was not afforded a reasonable opportunity to controvert materially false information concerning prior drug dealings. Defendant claims that the sentencing court improperly relied upon an ex parte communication from the brother of the informant in this case that defendant had sold LSD to him on a prior occasion.

The applicable standard of fairness at sentencing hearings is whether the defendant had an opportunity to refute the aggravating factors which might have negatively influenced the court *(People v Perry,* 36 NY2d 114, 119; *People v Contompasis,* 108 AD2d 1077, 1079, *lv denied* 65 NY2d 814). Defendant and his counsel exercised their right to address the court prior to imposition of sentence *(see,* CPL 380.50) and vigorously refuted allegations that defendant had sold LSD on other occasions in the past. Although defendant's attorney

requested an opportunity to confront defendant's accuser and to cross-examine him, such a request was in the nature of a request for a presentence conference to resolve factual issues, which is a matter within the discretion of the sentencing court *(see,* CPL 400.10). Moreover, defendant has made no showing, nor does the record reveal, that the sentencing court relied upon the alleged prejudicial information in arriving at defendant's sentence *(see, People v Whalen,* 99 AD2d 883, 884).

Defendant pleaded guilty to criminal possession of a controlled substance in the third degree, a class B felony, for which he could have received a maximum sentence of 8⅓ to 25 years. The court sentenced defendant to an indeterminate term of 3 to 9 years, which cannot be held to be an abuse of discretion even though the codefendant received a lesser term. (Appeal from judgment of Niagara County Court, Hannigan, J.—criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.