■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY G. WALWORTH, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered April 10, 1987, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

As the result of plea negotiations, defendant agreed to plead guilty to one count of a two-count indictment. Although defendant waived the preplea investigation and report, he refused to allow the investigating officer to interview him without his attorney being present. For this reason, the presentence report contained no information about defendant's family, social or personal history. County Court received defendant's presentence report before it accepted defendant's plea; two weeks thereafter the bargained-for indeterminate sentence of 5 to 15 years was imposed. Defendant maintains that because the presentence investigation and report did not comply with CPL 390.30 (1) and (3), his sentence was not legally prescribed. The procedural history, combined with defendant's failure to object at sentencing, however, convinces us that defendant waived any purported defect (see, People v Morton, 142 AD2d 763, 764-765; People v Dowdell, 72 AD2d 622, 623; but see, People v Andujar, 110 AD2d 606, 607-608).

Moreover, defendant has made no showing, nor does the record reflect, that County Court relied on any prejudicial information to impose sentence (see, People v Redman, 148 AD2d 966, 967, lv denied 74 NY2d 745). The report revealed defendant's prior arrest and conviction in Pennsylvania for a sexual misdemeanor just two weeks before the circumstances leading to the conviction underlying this appeal, and defendant received the agreed-upon sentence (see, People v Dowdell, supra). Had defendant wished—although interestingly, even on appeal defense counsel offers no more than unbuttressed suggestions that "the information about [defendant's] family, social, and personal history might have led the judge to conclude that a lesser sentence was appropriate"—defendant had ample opportunity to inform the court of any potential mitigating factors (see, CPL 380.50, 390.40; see generally, People v Perry, 36 NY2d 114, 119). Furthermore, the sentence imposed is not itself improper, excessive or harsh.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur; Levine, J. not taking part.