■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ANDERSON, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered January 23, 1991, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was convicted after trial of rape in the first degree, sentenced to an indeterminate prison term of 8⅓ to 25 years, and now appeals. The contentions advanced on appeal lack merit and do not warrant extended discussion. Initially, we reject the contention that County Court impermissibly denied defendant the right to cross-examine the infant victim concerning defendant's prior sexual contact with her. The specific question asked of the witness, "When was the first time that *anyone* bad touched you?" (emphasis supplied), was properly excluded as irrelevant to the issue of whether defendant engaged the victim in sexual intercourse on January 24,

1990 and was also barred by CPL 60.42 (1). County Court did permit questioning of the victim concerning her Grand Jury testimony as to the first time *defendant* engaged her in sexual contact.

Similarly meritless is the contention that defendant was denied due process by the presentence report's "unsubstantiated accusations" of defendant's prior sexual abuse of the victim. First, the allegations were based upon the victim's statement and the opinion of mental health professionals and, thus, were not unsubstantiated *(see, People v Tumerman,* 133 AD2d 714, 716, *lv denied* 70 NY2d 938, 72 NY2d 867, *cert denied* 485 US 969). Second, defendant was given an opportunity to and did challenge the inclusion of the material in the presentence report *(see, People v Bonadie,* 151 AD2d 686, *lv denied* 74 NY2d 845). Third, defendant has made no showing that the information was inaccurate *(see, People v La France,* 171 AD2d 904; *People v Walworth,* 167 AD2d 622, 623) or that County Court relied upon any prejudicial information to impose sentence *(see, People v Walworth, supra).* As a final matter, considering the nature of defendant's crime and its effect on the eight-year-old victim, the sentence was by no means excessive *(see, supra).*

Weiss, P. J., Mikoll, Levine and Casey, JJ., concur. Ordered that the judgment is affirmed.