■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. HINKHAUS, Appellant. [599 NYS2d 879] —Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered September 8, 1992, convicting defendant upon his plea of guilty of the crimes of manslaughter in the second degree (five counts) and vehicular manslaughter in the second degree (five counts).

Defendant was convicted upon his guilty plea of five counts of manslaughter in the second degree and five counts of vehicular manslaughter in the second degree; he was sentenced to prison terms of 4 to 12 years on each conviction for manslaughter in the second degree and 2⅓ to 7 years on each conviction of vehicular manslaughter in the second degree, all sentences to run concurrently. On this appeal, defendant contends that the presentence report is biased and that County Court erred in failing to grant his motion to have a new report prepared by a different probation department, and that the sentence imposed is harsh and excessive.

We find no prejudicial error in County Court's consideration of the presentence report. Defendant was allowed to challenge

the inclusion of certain letters in the report and, upon his motion, many of these letters were removed from the report by County Court *(see, People v Anderson,* 184 AD2d 922, *lv denied* 80 NY2d 901; *People v Bonadie,* 151 AD2d 686, *lv denied* 74 NY2d 845). In addition, letters favorable to defendant were considered by the Probation Department and an addendum to the original report was submitted to County Court reflecting this information. The letters were also independently considered by County Court. Finally, the record indicates that County Court was aware of certain allegedly prejudicial statements in the report and there is no indication that County Court relied on any such statements in making its sentencing determination *(see, People v Anderson, supra; People v Walworth,* 167 AD2d 622). As to the harshness of the sentence imposed, we find no basis to disturb the judgment of County Court given that the sentences for the more serious crimes were not the harshest possible and that defendant pleaded guilty knowing that he could receive the sentences ultimately imposed *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.