■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT HENDERSON, Appellant. [759 NYS2d 817] —Mercure, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 13, 2001, upon a verdict convicting defendant of the crime of assault in the first degree.

Defendant was charged in a one-count indictment with the crime of assault in the first degree. The charge arose from defendant's beating of his girlfriend's then two-year-old son, Nasir Moses. At the conclusion of a jury trial, defendant was convicted as charged. County Court thereafter sentenced defendant to a determinate prison term of 25 years with five years' postrelease supervision. Defendant now appeals.

Initially, defendant argues that County Court improperly applied *Batson v Kentucky* (476 US 79, 94-98 [1986]) in resolving his claim that the People used a peremptory challenge to exclude a potential juror on account of race. Under *Batson*, "the party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason" (*People v Smocum*, 99 NY2d 418, 421 [2003]; *see People v Brown*, 97 NY2d 500, 507 [2002]). While defendant is correct that a prima facie showing of discrimination "may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (*People v Smocum, supra* at 422), a defendant retains the "obligation to articulate a sound factual basis for [the] claim during the *Batson* colloquy" (*People v Childress*, 81 NY2d 263, 268 [1993]).

Here, defense counsel's allegations of discrimination were premised on the purported absence of any legitimate reason to challenge the juror, as opposed to actual facts or circumstances, and were thus insufficient to show a prima facie case of discrimination (*see id.*; *People v King*, 277 AD2d 708, 709 [2000], *lv denied* 96 NY2d 802 [2001]). Because defendant failed to raise an inference of discrimination and, thus, fell short of satisfying the first step of the *Batson* analysis, the burden never shifted to the People to offer a race-neutral explanation for the challenge (*see People v Jenkins*, 84 NY2d 1001, 1003 [1994]). Although defendant now attempts to demonstrate the similarities between accepted jurors and the challenged juror that might give rise to an inference of discrimination, he failed to raise this argument before County Court and it is therefore unpreserved.

Defendant also contends that he was denied the effective assistance of counsel because defense counsel failed to request the lesser included charge of reckless assault in the third degree (*see* Penal Law § 120.00 [2]). Defendant claims that the jury could have concluded that he was not aware that the degree of force he used against Nasir created a grave risk of death because he had taken two doses of morphine to relieve pain associated with sickle cell anemia. The People do not dispute that third degree reckless assault is a lesser included offense of first degree depraved indifference assault (*see People v Van Norstrand*, 85 NY2d 131, 136 [1995]). Thus, the question becomes whether "there is a reasonable view of the evidence which would support the finding that the defendant committed the lesser offense but not the greater" (*People v Wheeler*, 109 AD2d 169, 170 [1985], *affd* 67 NY2d 960 [1986]; *see* CPL 300.50 [1]; *People v Mitchell*, 288 AD2d 622, 624 [2001], *lv denied* 97 NY2d 758 [2002]).

The record reveals that after neighbors heard defendant yelling at Nasir, as well as loud banging, "thumping" sounds and Nasir's screams, Nasir was taken to the hospital. Carman Ramos, Nasir's treating physician, testified that he had multiple bruises over his body and a mark resembling a fist imprint on his abdomen. Because Nasir's abdomen was distended, Ramos performed surgery, which revealed a large amount of fresh blood in Nasir's abdomen, lacerations of his liver and spleen, injury to his pancreas and a torn duodenum. Ramos stated that these injuries were consistent with those caused by seatbelts in high-speed automobile collisions, a kick in the stomach by a horse, or a piano falling on top of a small child.

Given the level of force necessary to cause two-year-old Nasir's injuries and the lack of any suggestion that the morphine doses substantially affected defendant's perception, there is no reasonable view of the evidence that defendant's conduct "recklessly cause[d] physical injury to another person" (Penal Law § 120.00 [2]), but did not "evinc[e] a depraved indifference to human life * * * which create[d] a grave risk of death * * * and thereby cause[d] serious physical injury to another person" (Penal Law § 120.10 [3]). Thus, defendant did not have a right to the lesser included offense charge. Inasmuch as it cannot be said that the single alleged error committed by defense counsel changed the outcome of this case, we conclude that defendant was not denied the effective assistance of counsel (*see People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]).

Finally, we reject defendant's contention that his sentence should be modified in the interest of justice based upon allegedly prejudicial statements contained in the presentence report. Defendant was given an opportunity to challenge any statements in the report that he felt were improper, and he has not shown that County Court relied on any prejudicial information or statements in imposing sentence (*see People v Hinkhaus*, 194 AD2d 1043, 1043-1044 [1993]; *People v Anderson*, 184 AD2d 922, 923 [1992], *lv denied* 80 NY2d 901 [1992]; *People v Walworth*, 167 AD2d 622, 623 [1990]).

We have considered defendant's remaining arguments and find them to be lacking in merit.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.