■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN L. THOMAS, Appellant. [768 NYS2d 519]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered September 13, 1999, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and grand larceny in the third degree.

While under indictment for grand larceny in the fourth degree and under investigation for a widespread check fraud scheme, defendant was arrested and indicted on charges of criminal possession of a controlled substance in the first and third degrees. A plea agreement was reached whereby defendant would plead guilty to a reduced drug charge, to the pending grand larceny

charge and to another undetermined charge in satisfaction of the pending investigation. In exchange, he would receive concurrent sentences of eight years to life on the drug conviction, $1^{1}/_{2}$ to 3 years on the grand larceny conviction and $3^{1}/_{2}$ to 7 years on the undetermined charge. Defendant thereafter pleaded guilty to the crimes of criminal possession of a controlled substance in the second degree and grand larceny in the fourth degree. He was subsequently charged with grand larceny in the third degree stemming from the pending investigation, waived indictment and entered a guilty plea to that charge as well. Although the absence of the Special Prosecutor prevented County Court from sentencing defendant for the crime of grand larceny in the fourth degree, it proceeded to sentence him on the other two charges in accordance with the plea agreement and ordered him to pay over $92,000 in restitution. Defendant now appeals from the judgment of conviction on these two charges.

Initially, defendant contends that the two-count drug indictment should have been dismissed as defective because it was based upon uncorroborated accomplice testimony before the grand jury. However, a review of the record reveals that defendant entered a knowing, voluntary and intelligent guilty plea to a reduced charge in satisfaction of this indictment and, thus, waived this challenge (*see People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Whitehurst*, 291 AD2d 83, 87-88 [2002], *lv denied* 98 NY2d 642 [2002]; *People v Robertson*, 279 AD2d 711, 712 [2001], *lv denied* 96 NY2d 805 [2001]). Defendant similarly waived his claim of ineffective assistance of counsel predicated on counsel's failure to challenge the indictment or make other pretrial motions since he does not claim, and there is nothing to suggest, that these alleged failures undermined the voluntariness of his pleas (*see People v Porter*, 300 AD2d 698, 699 [2002], *lv denied* 100 NY2d 541 [2003]; *People v Lynch*, 256 AD2d 651 [1998], *lv denied* 93 NY2d 1004 [1999]; *People v Conyers*, 227 AD2d 793, 793 [1996], *lv denied* 88 NY2d 982 [1996]).

Defendant also contends that the report of the presentence investigation should be physically redacted to remove allegedly unreliable information, most notably a hearsay reference to his having threatened a 14-year-old accomplice to the drug charges. Defendant challenged this and other elements of the presentence report during the sentencing proceeding and County Court agreed not to consider same in its sentencing determination. Although defendant was thus not aggrieved, particularly since he was sentenced in accordance with the plea agreement, he now seeks to have the report redacted to avoid future prejudice in parole and other discretionary determinations.

The purpose of a presentence investigation "is to provide the court with the best available information upon which to render an individualized sentence" (*People v Perry*, 36 NY2d 114, 120 [1975]). To that end, presentence reports should include "all information that may have a bearing upon" the court's sentencing determination (9 NYCRR 350.6; *see* CPL 390.30; *see also People v Whalen*, 99 AD2d 883, 884 [1984]), even if such information does not meet the technical rules for admissibility at trial (*see People v Perry, supra* at 120). Here, defendant was properly afforded an opportunity to challenge the contents of the presentence report (*see e.g. People v Outley*, 80 NY2d 702, 713 [1993]; *People v Perry, supra* at 119) and while County Court, in its discretion, opted not to rely on the challenged information in its deliberations, we see no basis for physical redaction of the report.

Lastly, defendant seeks modification of his sentence on the drug conviction, contending that if his sentence were reduced to three years to life he would be able to begin restitution payments sooner. We are unimpressed with this contention. Alternatively, he argues that his sentence on the drug count was so disproportionate to the seriousness of his crime as to constitute cruel and unusual punishment. We disagree. In our view, defendant's sentence on the drug conviction was not so grossly disproportionate to the seriousness of his conduct as to render the sentence unconstitutional (*see People v Broadie*, 37 NY2d 100, 117 [1975], *cert denied* 423 US 950 [1975]). Seeing no abuse of discretion nor extraordinary circumstances warranting a modification of defendant's sentence in the interest of justice (*see People v Varno*, 297 AD2d 873, 875 [2002], *lv denied* 99 NY2d 565 [2002]; *People v Charles*, 258 AD2d 740, 740-741 [1999], *lv denied* 93 NY2d 968 [1999]; *People v Dolphy*, 257 AD2d 681, 685 [1999], *lv denied* 93 NY2d 872 [1999]), we affirm.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.