THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHADI AGHA, Appellant. [843 NYS2d 887]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 4, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the third degree (Penal Law § 120.00 [1]). At sentencing, County Court referred to a prior conviction of defendant's brother for a similar crime. The court indicated that, in the prior case and the instant case, defendant's brother had come to the defense of defendant. Defendant objected on the ground that he was not charged in the prior case involving his brother. Although the court stated that it would not draw an adverse inference against defendant based on the prior case, we conclude on the record before us that the court may in fact have relied upon information that was inaccurate in sentencing defendant (*see People v Gardner*, 28 AD3d 1221, 1223 [2006], *lv denied* 7 NY3d 812 [2006]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing before a different judge.

All concur except Smith, J., who dissents and votes to affirm in the following memorandum.

Smith, J. (dissenting). I respectfully dissent and would affirm the judgment of conviction. Defendant contends that County Court considered inaccurate and improper information in sentencing him. Even assuming, arguendo, that the contention

of defendant survives his waiver of the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 255-256 [2006]), I conclude that it should be rejected. The presentence report indicated that the codefendant, defendant's brother, had previously been convicted of assaultive conduct while coming to defendant's aid. Defendant did not contest the accuracy of that information and thus has failed to preserve for our review his contention that the court relied upon inaccurate information in sentencing him (*see People v Sumpter*, 286 AD2d 450, 452 [2001], *lv denied* 97 NY2d 658 [2001]). Nor did the court rely upon improper information in sentencing defendant. A presentence report may include any relevant information concerning defendant's history, including information with respect to prior offenses that did not result in a conviction (*see People v Whalen*, 99 AD2d 883, 884 [1984]). Defendant objected at sentencing when the court referred to the codefendant's prior conviction, and the court assured defendant that it would draw no adverse inference against him with respect to that prior conviction. Furthermore, when sentencing defendant, the court specifically indicated its awareness that defendant was not charged with any crime arising out of the prior incident involving his brother. Thus, the record does not support the contention of defendant that the court relied upon inaccurate and improper information in sentencing him. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.