■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO WOODS, Appellant. [864 NYS2d 378]—Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 19, 2007. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TOLLIVER, Appellant. [865 NYS2d 423]—Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 8, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law § 170.25). Although defendant's waiver of the right to appeal is valid (*cf. People v Vega,* 49 AD3d 1185 [2008]; *see generally People v Lopez,* 6 NY3d 248, 256 [2006]), that waiver does not encompass defendant's challenge to the severity of the sentence inasmuch as defendant waived his right to appeal before Supreme Court advised him of the maximum sentence that could be imposed (*see People v Mingo,* 38 AD3d 1270, 1271 [2007]; *see generally People v Lococo,* 92 NY2d 825, 827 [1998]). Nevertheless, we conclude that the sentence is not unduly harsh or severe. Defendant's remaining contention with respect to the alleged inaccuracy in the presentence report is not preserved for our review (*see* CPL 470.05 [2]; *People v Karlas,* 208 AD2d 767 [1994]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.