■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE FREEMAN, Appellant. [889 NYS2d 119]—

Kane, J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered January 8, 2008, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

After defendant pleaded guilty to rape in the third degree, County Court imposed the agreed-upon sentence of 1 to 3 years in prison. Defendant does not challenge the judgment of conviction. Rather, his appeal focuses on the court's determination not to redact certain information from the presentence investigation report (hereinafter PSI).

The information should have been redacted because the PSI contained clearly erroneous information and was inconsistent with statutory procedures. The probation officer who authored the PSI completed and attached a risk assessment instrument on the form contemplated under the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). This presented several problems. The risk assessment instrument is not legislatively intended to be considered at sentencing where incarceration will be imposed, rendering presentation of the form premature (*see* Correction Law § 168-n [3]). Second, under SORA the Probation Department is not the proper agency to complete a risk assessment instrument (*see* Correction Law § 168-n [2], [3] [requiring recommendation from Board of Examiners of Sex Offenders]; *cf.* Correction Law § 168-d [3]

[requiring district attorney to file written statement of determinations sought]). Third, County Court noted that the form contained serious errors. The court pointed out each error and recited the correct information under each such category for the record, but declined defense counsel's request to redact the entire form from the PSI.

Failing to redact erroneous information from the PSI created an unjustifiable risk of future adverse effects to defendant in other contexts, including appearances before the Board of Parole or other agencies. If the sentencing minutes are inadvertently separated from the PSI (*see* CPL 380.70, 390.60), or an agency relies on the unedited original version at the Probation Department (*see* CPL 390.30), defendant will have to not only refute the information in the PSI but also explain why the sentencing court apparently did not correct the PSI. An inaccurate PSI could keep a defendant incarcerated for a longer duration of time, affect future determinations of his or her legal status in court, as well as affect other rights regulated by the state. These risks are enough to justify redaction. Accordingly, we now order that the risk assessment instrument be redacted from all copies of defendant's PSI.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, and the County Court of Columbia County is directed to redact the risk assessment instrument from all copies of defendant's presentence investigation report.