◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MARONE, Appellant. [899 NYS2d 439]—Malone Jr., J. Appeal from an order of the County Court of Greene County (Pulver, Jr., J.), entered April 21, 2009, which denied defendant's motion to amend the presentence investigation report.

Previously, this Court affirmed a judgment convicting defendant of two counts of grand larceny in the first degree and one count of scheme to defraud in the first degree arising out of an investment scheme orchestrated by defendant to defraud numerous friends and associates of nearly $5,000,000 (*People v Marone*, 36 AD3d 956 [2007], *lv denied* 8 NY3d 987 [2007]).

While doing so, we concluded that defendant had "entered a knowing, voluntary and intelligent guilty plea and an unqualified waiver of the right to appeal" (*id.* at 956). Here, defendant appeals from County Court's denial of his pro se motion— submitted five years after his conviction and two years after this Court ruled on his direct appeal—to amend that portion of the presentence investigation report describing defendant's crimes as a "Ponzi Scheme."

Although, as County Court observed, defendant's challenge to the contents of the presentence investigation report was preserved at sentencing, his failure to raise the issue on direct appeal (*see e.g. People v Thomas*, 2 AD3d 982, 983-984 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Henderson*, 305 AD2d 940, 942 [2003], *lv denied* 100 NY2d 582 [2003]; *People v Hinkhaus*, 194 AD2d 1043, 1043-1044 [1993]; *People v Anderson*, 184 AD2d 922, 923 [1992], *lv denied* 80 NY2d 901 [1992]) renders it abandoned (*see generally People v Jansen*, 145 AD2d 870, 871 [1988], *lv denied* 73 NY2d 923 [1989]). In any event, our consideration of the matter would be precluded by defendant's valid waiver of his right to appeal (*see e.g. People v Moquette*, 200 AD2d 854 [1994], *lv denied* 83 NY2d 874 [1994]).

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed.