■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QOYA JONES, Appellant. [909 NYS2d 407]—

McCarthy, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 13, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

In full satisfaction of a four-count indictment, as well as several other unrelated pending charges, defendant pleaded guilty to criminal possession of a weapon in the second degree. The plea bargain required defendant to waive his right to appeal and cooperate in the case against a codefendant, in exchange for which he would receive a sentence of not more than 10 years in prison and five years of postrelease supervision. County Court sentenced defendant to the maximum allowed under the plea agreement. Defendant appeals.

Initially, inasmuch as County Court adequately advised defendant that the right to appeal is separate and distinct from the rights forfeited by his guilty plea, defendant's waiver of his right to appeal was valid (see *People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]). Although the appeal waiver does not preclude defendant's argument that his plea was involuntary because it was induced by an unfulfilled promise, that argument is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (see *People v Oliver*, 26 AD3d 675, 676 [2006], *lv denied* 7 NY3d 760 [2006]). In any event, the court imposed a sentence contemplated by the plea agreement, regardless of the People's assertion that defendant failed to cooperate against his codefendant (see *id.*; *People v Parsons*, 3 AD3d 790, 791 [2004]).

---

County Court did not err in denying defendant's request to redact one sentence from the presentence investigation report (hereinafter PSI). A PSI must include information regarding, among other things, defendant's social circumstances, including any gang involvement (*see* 9 NYCRR 350.6 [b] [2] [i] [f]). The probation officer who authored defendant's PSI observed that, although defendant denied gang involvement, his behavior suggested otherwise. Though this notation would not be admissible at a trial, it was permissible as it was based on information gathered during the investigation and was relevant to sentencing (*see People v Thomas*, 2 AD3d 982, 984 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Whalen*, 99 AD2d 883, 884 [1984]; *compare People v Freeman*, 67 AD3d 1202, 1202-1203 [2009]).

Spain, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.