■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST G. PARAGALLO, Appellant. [923 NYS2d 229]—

Egan Jr., J.

In August 2009, defendant was charged in a 35-count indictment with numerous misdemeanor violations of Agriculture and Markets Law § 353 after State Police and members of the Columbia-Greene Humane Society discovered 35 horses—found emaciated, suffering from skin infections with most suffering from body lice—on a horse farm managed by defendant and lo-

cated in Greene County.[1] Defendant waived his right to a jury trial and, after the conclusion of a bench trial, County Court convicted defendant on 33 counts of failing to provide proper sustenance to an animal (*see* Agriculture and Markets Law § 353). A presentence investigation was conducted and a presentence report was prepared. Prior to sentencing, defendant submitted written objections to the presentence report and requested that County Court disregard certain portions of the report, contending that it improperly advocated for a specific outcome, contained a victim impact statement prepared on behalf of the horses by an unidentified individual, and improperly referenced prior uncharged incidents that were never substantiated. On the day of sentencing, County Court granted defendant's request and agreed to strike from the presentence report the victim impact statement and references to prior uncharged incidents. The court further directed defendant to "redact its copy of the presentence report and provide such to the [c]ourt and the District Attorney within a week so that the original report can be altered and preserved in that modified form for appeal." County Court then, in addition to certain fines and restitution, imposed consecutive one-year sentences for each count which, by operation of law, amounted to a prison term of two years (*see* Penal Law § 70.15 [1]; § 70.30 [2] [b]). Defendant now appeals.[2]

Defendant's sole contention on appeal is that County Court erred in sentencing him based on the presentence report, which defendant contends is improper and inflammatory. "The purpose of a presentence investigation 'is to provide the court with the best available information upon which to render an individualized sentence' " (*People v Thomas*, 2 AD3d 982, 984 [2003], *lv denied* 1 NY3d 602 [2004], quoting *People v Perry*, 36 NY2d 114, 120 [1975]), and should include all information that may have a bearing upon sentencing (*see* CPL 390.30; 9 NYCRR 350.6 [b]), including information that may not be admissible at trial (*see People v Jones*, 77 AD3d 1178, 1179 [2010]; *People v Thomas*, 2 AD3d at 984; *People v Whalen*, 99 AD2d 883, 884 [1984], *lv denied* 62 NY2d 655 [1984]).[3]

As an initial matter, contrary to defendant's contention, since

---

**1.** In February 2010, County Court granted the People's motion to amend the indictment to correct certain dates when the criminal conduct was alleged to have occurred.

**2.** In June 2010, this Court granted defendant's motion to stay execution on the judgment pending defendant's appeal.

**3.** At the time of defendant's sentencing, a presentence report was required for a sentence in excess of 90 days (*see* CPL 390.20 [2] [b], as amended by L 2010, ch 179, § 1).

County Court considered defendant's objections and opted not to rely on the challenged information contained in the presentence report, the court did not have to await the actual physical redaction of the report before sentencing defendant (*see People v Ali-Rachedi*, 34 AD3d 981, 981 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Thomas*, 2 AD3d at 984). Furthermore, since, pursuant to 9 NYCRR 350.7 (b) (5), the presentence report "shall contain a statement concerning the type of court disposition/sentence recommended," we are unpersuaded that the report improperly advocated for the maximum sentence. To the extent that defendant objects to certain witness statements contained in the presentence report as improperly advocating for the maximum sentence, defendant failed to establish that such statements were not relevant to the question of sentence (*see* CPL 390.30 [3] [a]). There is also no indication that, in preparing the report, the investigating probation officer failed to "distinguish between fact and professional assessment, and between [his or her] own observations and those from other sources" (9 NYCRR 350.5) or that County Court relied on any improper or prejudicial statements in imposing sentence (*see People v Henderson*, 305 AD2d 940, 942 [2003], *lv denied* 100 NY2d 582 [2003]).

Finally, as County Court struck both the victim impact statement and allegations of uncharged crimes from the presentence report and based its sentencing on the presentence report "as modified by [its] ruling," we are unpersuaded by defendant's contention that the court improperly considered both the anonymous victim impact statement and allegations of uncharged crimes, and defendant has failed to establish that, in sentencing defendant, it relied on this information (*see People v Anderson*, 184 AD2d 922, 923 [1992], *lv denied* 80 NY2d 901 [1992]; *People v Walworth*, 167 AD2d 622, 623 [1990]). In any event, with respect to allegations of uncharged crimes, "[a] presentence report may include any relevant information on the history of defendant . . . even offenses for which he [or she] has not been convicted" (*People v Whalen*, 99 AD2d at 884).

Defendant's remaining challenge to the presentence report, that it contained prejudicial statements concerning both defendant and horse racing in general, has not been preserved for appellate review, and we decline to exercise our interest of justice jurisdiction with respect to this issue (*see* CPL 470.15 [6] [a]; *People v Tolliver*, 55 AD3d 1302 [2008]; *People v Harrington*, 3 AD3d 737, 739 [2004]).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County

Court of Greene County for further proceedings pursuant to CPL 460.50 (5).

