# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

640

KA 10-00470

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

JOHN C. RUDDUCK, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 17, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree and predatory sexual assault against a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]) and predatory sexual assault against a child (§ 130.96). His sole contention on appeal is that County Court erred in denying his motion to redact erroneous information contained in the presentence report (PSR). We reject that contention. "The purpose of a presentence investigation 'is to provide the court with the best available information upon which to render an individualized sentence' " (*People v Thomas*, 2 AD3d 982, 984, *lv denied* 1 NY3d 602, quoting *People v Perry*, 36 NY2d 114, 120). "To that end, presentence reports should include 'all information that may have a bearing upon' the court's sentencing determination . . ., even if such information does not meet the technical rules for admissibility at trial" (*id.*; *see* CPL 390.30 [3] [a]; 9 NYCRR 350.3; 350.6 [b]; *People v Paragallo*, 82 AD3d 1508). Although defendant correctly contends that erroneous information in a PSR "create[s] an unjustifiable risk of future adverse effects to [him] in other contexts" (*People v Freeman*, 67 AD3d 1202, 1203), we conclude that "defendant has made no showing that the information [in the PSR] was inaccurate" (*People v Anderson*, 184 AD2d 922, 923, *lv denied* 80 NY2d 901; *see People v Whalen*, 99 AD2d 883, 884).

Under the "Legal History" section of the PSR, the author of the report wrote that "defendant was accused but never charged with an incident in 2005 that involved the alleged sexual abuse of a 4[-

]year[-]old neighbor girl." Contrary to defendant's contention, that statement was properly included in the PSR. Pursuant to 9 NYCRR 350.6 (b) (1), the presentence investigation process "shall consist of the gathering of available, relevant and reliable information from . . . official records relative to: arrests; *previous conduct and complaints*; convictions; [and] adjudications . . ." (emphasis added). The regulation further provides, however, that "[f]or all investigations, the [probation] officer shall not gather information as to matters which have been terminated in favor of the [defendant] pursuant to [CPL] 160.50." Where, as here, no charges were ever filed with respect to the incident in question, there has been no matter terminated in the defendant's favor pursuant to CPL 160.50. Thus, the court properly denied defendant's request to redact the statement concerning the 2005 complaint. Although that "notation would not be admissible at a trial, it was permissible [in the PSR because] it was based on information gathered during the investigation and was relevant to sentencing" (*People v Jones*, 77 AD3d 1178, 1179).

We have reviewed defendant's remaining challenges to the PSR and conclude that they are without merit.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court