# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1221**
**KA 12-00784**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CYNTHIA GIBBONS, ALSO KNOWN AS CYNTHIA BULINSKI,
DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case,
J.), rendered April 25, 2012.  The judgment convicted defendant, upon
her plea of guilty, of scheme to defraud in the first degree and
attempted grand larceny in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting her, upon
her plea of guilty, of one count of scheme to defraud in the first
degree (Penal Law §§ 190.65 [1] [b]) and three counts of attempted grand
larceny in the second degree (§§ 110.00, 155.40 [1]).  Defendant
contends that she was denied due process at sentencing because County
Court relied on improper information in the presentence investigation
report (PSI), i.e., statements from an alleged victim regarding facts
outside of the indictment.  To the extent that defendant's contention
survives her valid waiver of the right to appeal (*see People v Dimmick*,
53 AD3d 1113, 1113, *lv denied* 11 NY3d 831; *People v Agha*, 43 AD3d 1383,
1383-1384; *see generally People v Seaberg*, 74 NY2d 1, 9), we reject that
contention.  The sentencing transcript establishes that the court did
not rely upon the allegedly improper material included in the PSI in
sentencing defendant (*see Dimmick*, 53 AD3d at 1113; *People v Henderson*,
305 AD2d 940, 942, *lv denied* 100 NY2d 582; *People v Anderson*, 184 AD2d
922, 923, *lv denied* 80 NY2d 901).  Indeed, the court granted defendant's
request to redact any references to the challenged material from the PSI
and stated that it would "not consider" that information (*see People v
Paragallo*, 82 AD3d 1508, 1509-1510; *People v Hinkhaus*, 194 AD2d 1043,
1043-1044).  Defendant's further contention that the PSI was "tainted"
in its entirety by the inclusion of the allegedly improper material and
thus that the court should have ordered the preparation of a new report
is unpreserved for our review inasmuch as she did not seek such relief
from the court (*see generally* CPL 470.05 [2]; *People v Williams*, 94 AD3d

1527, 1527; *People v Karlas*, 208 AD2d 767, 767).

Finally, defendant's contention that the court improperly considered a letter from another alleged victim in determining defendant's sentence is without merit. "[D]efendant has made no showing, nor does the record reveal, that the sentencing court relied upon the alleged prejudicial information in arriving at defendant's sentence" (*People v Redman*, 148 AD2d 966, 967, *lv denied* 74 NY2d 745; *see also People v Young*, 186 AD2d 1072, 1072; *People v Whalen*, 99 AD2d 883, 884).  We note that the letter was not contained in the PSI, and the court made no reference to it during sentencing.

Entered:  December 21, 2012                     Frances E. Cafarell
                                                Clerk of the Court