*1616 Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of one count of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]) and three counts of attempted grand larceny in the second degree (§§ 110.00, 155.40 [1]). Defendant contends that she was denied due process at sentencing because County Court relied on improper information in the presentence investigation report (PSI), i.e., statements from an alleged victim regarding facts outside of the indictment. To the extent that defendant’s contention survives her valid waiver of the right to appeal (see People v Dimmick, 53 AD3d 1113, 1113 [2008], lv denied 11 NY3d 831 [2008]; People v Agha, 43 AD3d 1383, 1383-1384 [2007]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]), we reject that contention. The sentencing transcript establishes that the court did not rely upon the allegedly improper material included in the PSI in sentencing defendant (see Dimmick, 53 AD3d at 1113; People v Henderson, 305 AD2d 940, 942 [2003], lv denied 100 NY2d 582 [2003]; People v Anderson, 184 AD2d 922, 923 [1992], lv denied 80 NY2d 901 [1992]). Indeed, the court granted defendant’s request to redact any references to the challenged material from the PSI and stated that it would “not consider” that information (see People v Paragallo, 82 AD3d 1508, 1509-1510 [2011]; People v Hinkhaus, 194 AD2d 1043, 1043-1044 [1993]). Defendant’s further contention that the PSI was “tainted” in its entirety by the inclusion of the allegedly improper material and thus that the court should have ordered the preparation of a new report is unpreserved for our review inasmuch as she did not seek such relief from the court (see generally CPL 470.05 [2]; People v Williams, 94 AD3d 1527, 1527 [2012]; People v Karlas, 208 AD2d 767, 767 [1994]).
Finally, defendant’s contention that the court improperly considered a letter from another alleged victim in determining defendant’s sentence is without merit. “[Defendant has made no showing, nor does the record reveal, that the sentencing court relied upon the alleged prejudicial information in arriving at defendant’s sentence” (People v Redman, 148 AD2d 966, 967 [1989], lv denied 74 NY2d 745 [1989]; see also People v Young, 186 AD2d 1072, 1072 [1992]; People v Whalen, 99 AD2d 883, 884 [1984]). We note that the letter was not contained in the PSI, and the court made no reference to it during sentencing. Present — Centra, J.P., Peradotto, Sconiers, Valentino and Martoche, JJ.