# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1346**

**KA 12-00823**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                V                         MEMORANDUM AND ORDER

ELLIOTT I. JAMES, ALSO KNOWN AS PIG,
DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Cattaraugus County Court (Larry M. Himelein, J.), rendered April 9, 2012. Defendant was resentenced upon his conviction of criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the resentence so appealed from is unanimously vacated on the law and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a resentence imposed upon his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). On appeal, defendant contends that County Court erred in denying his request to redact the presentence report to correct alleged inaccuracies therein, and in failing to conduct a conference or summary hearing to address the alleged inaccuracies. Specifically, defendant contends that the presentence report contained errors with respect to his criminal history. In addition, he contends that the presentence report erroneously included statements that he has a history of assault toward women and that he is at the highest possible risk for violent recidivism, when in fact his criminal history does not contain any convictions based on violent crimes. " 'If the investigation report contains incorrect information, [defendant] should object at sentencing to the inclusion of the erroneous information and move to strike it . . . The court may conduct a conference or a summary hearing to resolve discrepancies in sentencing information' " (*People v Boice*, 6 Misc 3d 1014[A], 2004 NY Slip Op 51788[U], *4-5). When defendant herein objected to the contents of the presentence report and sought redaction, the court stated that it did not know the procedure by which to correct the information. We thus conclude that defendant was not properly afforded an opportunity to challenge the contents of the presentence report (*cf. People v Thomas*, 2 AD3d 982,

984, *lv denied* 1 NY3d 602).  We therefore vacate the resentence and remit the matter to County Court for further proceedings in accordance with our decision.

Entered:  February 14, 2014                         Frances E. Cafarell
                                                    Clerk of the Court