Egan Jr., J.P.
 

 Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 17, 2014, upon a verdict convicting defendant of the crimes of predatory sexual assault (two counts), predatory sexual assault against a child (two counts) and incest in the first degree.
 

 When this case was previously before this Court, we dismissed count 7 of the indictment as duplicitous, reversed defendant’s convictions on counts 2, 3, 4, 5 and 6 of the indictment and remitted the matter to County Court for a new trial (116 AD3d 1090, 1093 [2014]).
 
 *
 
 Following a retrial, defendant was convicted of two counts of predatory sexual assault, two counts of predatory sexual assault against a child and incest in the first degree. Defendant was thereafter sentenced to an aggregate prison term of 50 years to life and 25 years of post-release supervision. Defendant now appeals.
 

 We affirm. Defendant’s initial contention that he was denied his right to a fair trial as a result of the inadequacy of the admonitions that County Court provided to the jury throughout the trial was not adequately preserved for our review as he failed to render a timely objection before County Court (see CPL 270.40, 310.10 [2]; 470.05 [2]; People v Bonaparte, 78 NY2d 26, 31 [1991]; People v Irby, 140 AD3d 1319, 1323 [2016], lv denied 28 NY3d 931 [2016]; People v Dashnaw, 37 AD3d 860, 862 [2007], lv denied 8 NY3d 945 [2007]). In any event, although County Court’s admonishments to the jury were less than complete (see CPL 270.40), considered in the aggregate, we would find, if the issue were properly before us, that County Court’s admonishments “adequately conveyed to the jury its function, duties and conduct” (People v Williams, 46 AD3d 585, 585-586 [2007] [internal quotation marks and citation omitted], lv denied 10 NY3d 772 [2008]; see People v LaDuke, 140 AD3d 1467, 1470 [2016]; People v Irby, 140 AD3d at 1323).
 

 Defendant next contends that County Court erred in denying his request to redact certain hearsay information from the pre-sentence investigation report (hereinafter PSI), namely, a statement by his mother alleging that he had engaged in certain additional uncharged instances of sexual abuse. Notably, defendant does not challenge the judgment of conviction on this basis, as he acknowledges that County Court did not rely on this statement in imposing sentence; rather, he argues that, to the extent that this statement has the potential to result in future prejudice should he subsequently be considered for parole and/or to the extent that it may negatively effect his risk level classification, the statement should have been redacted.
 

 “The purpose of a presentence investigation is to provide the court with the best available information upon which to render an individualized sentence” (People v Thomas, 2 AD3d 982, 984 [2003] [internal quotation marks and citation omitted], lv denied 1 NY3d 602 [2004]), which includes information that may otherwise be inadmissible at trial (see People v Paragallo, 82 AD3d 1508, 1509 [2011]). Indeed, where a PSI contains “clearly erroneous information,” such information should be redacted based upon the “unjustifiable risk of future adverse effects to [the] defendant” (People v Freeman, 67 AD3d 1202, 1202, 1203 [2009]; see People v Taylor, 118 AD3d 1044, 1048 [2014], lv denied 23 NY3d 1043 [2014]). However, a PSI “may include any relevant information on the history of the defendant. . .[,] even offenses for which he [or she] has not been convicted” (People v Whalen, 99 AD2d 883, 884 [1984]; accord People v Paragallo, 82 AD3d at 1510; see People v Jones, 77 AD3d 1178, 1179 [2010], lv denied 16 NY3d 832 [2011]). Here, inasmuch as defendant was provided with an opportunity to challenge the hearsay statement set forth in the PSI and, given the fact that County Court elected not to give any weight to the statement in question, under the circumstances, we find no basis upon which to redact the PSI (see People v Thomas, 2 AD3d at 984).
 

 We likewise find without merit defendant’s contention that the sentence imposed upon his retrial was harsh and excessive or the product of vindictiveness. The fact that the sentence imposed after trial has greater than the one offered during plea negotiations is not, standing alone, proof that defendant was penalized for exercising his right to trial (see People v Martinez, 144 AD3d 1326, 1327 [2016], lv denied 28 NY3d 1186 [2017]). Moreover, any presumption of vindictiveness that applied based upon defendant having received a harsher sentence upon retrial (see People v Martinez, 26 NY3d 196, 199 [2015]) was overcome by County Court’s statements at sentencing (see People v Casanova, 152 AD3d 875, 879 [2017], lv denied 30 NY3d 948 [Sept. 13, 2017]). County Court indicated that, in imposing sentence, it gave no weight to defendant’s previous trials. Rather, the court’s sentence was justified based upon the heinous nature of defendant’s crimes, the relationship between defendant and the victim, the victim’s particular vulnerability and the fact that, when these crimes were committed, defendant remained on felony probation for a previous conviction for rape in the third degree of an underage female. Under these circumstances, and given the lack of any remorse on the part of defendant, we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Hughes, 93 AD3d 889, 891 [2012], lv denied 19 NY3d 961 [2012]; People v Alford, 65 AD3d 1392, 1394-1395 [2009], mod on other grounds 14 NY3d 846 [2010]).
 

 Devine, Clark, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.
 

 *
 

 Defendant’s initial trial resulted in a deadlocked jury. During that trial, count 1 of the indictment was dismissed.