People v Spagnola (2020 NY Slip Op 05533)





People v Spagnola


2020 NY Slip Op 05533


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2016-13186
 (Ind. No. 16-00275)

[*1]The People of the State of New York, respondent,
v
Anthony J. Spagnola, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant, and appellant pro se.
David M. Hoovler, District Attorney, Goshen, NY (William C. Ghee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered November 22, 2016, convicting him of operating as a major trafficker, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's plea of guilty included a waiver of his right to appeal. Contrary to the defendant's contentions, the record amply demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337; People v D'Andria, 170 AD3d 881; People v Spagnola, 245 AD2d 318). A valid waiver of the right to appeal generally precludes appellate review of an ineffective assistance of counsel claim, except to the extent that the alleged ineffective assistance of counsel affected the voluntariness of the defendant's plea (see People v Pinckney, 186 AD3d 507, 508; People v Bhuiyan, 181 AD3d 699, 700).
The defendant's contention that defense counsel's alleged ineffectiveness in failing to challenge the strength of the People's case as it related to wiretap evidence rendered his plea involuntary is belied by the record (see People v Brown, 170 AD3d 878; People v Vicente, 167 AD3d 951). Moreover, the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's challenged conduct (see People v Simmons, 133 AD3d 896).
The defendant's contention that defense counsel's alleged ineffectiveness in failing to make an application to release him from confinement (see CPL 190.80) rendered his plea involuntary is also without merit. That the defendant received a term of imprisonment only two years more than the negotiated minimum (Penal Law § 70.71[5][c]) for the very same felony he was convicted of previously (Penal Law § 220.77[1]), while avoiding a possible harsher sentence (Penal Law § 70.71[2][b][i]; Penal Law §§ 70.00[2][a], [3][a][i]), supports the conclusion that the defendant was afforded meaningful representation (see People v Contreras, 170 AD3d 1034; People v Sanchez, 33 AD3d 633).
The defendant's contentions in his pro se supplemental brief, including that his defense counsel waived his rights pursuant to CPL former 240.20, CPL article 700, and CPL 30.30 prematurely and without his knowledge and consent, and that the sentencing court was improperly influenced by allegedly erroneous information in the presentence report, are barred by the defendant's valid waiver of the right to appeal (see People v Price, 150 AD3d 1153; People v [*2]Marone, 72 AD3d 1348; People v Andre L., 18 AD3d 575).
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.

2016-13186 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Anthony J. Spagnola, appellant.
(Ind. No. 16-00275)

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from a judgment of the County Court, Orange County, rendered November 22, 2016, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated September 30, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court