People v Edmunds

2026 NY Slip Op 02894

May 7, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Najahliek Edmunds, Appellant.

Decided and Entered:May 7, 2026

CR-24-1817

Calendar Date: April 17, 2026

Before: Clark, J.P., Aarons, Pritzker, Mcshan And Mackey, JJ.

David E. Woodin, Catskill, for appellant.

Steven M. Sharp, Special Prosecutor, Albany, for respondent.

[*1]

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered February 3, 2022, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

As the result of allegations that he gunned down the victim on the street in June 2020 and possessed a loaded and operable pistol outside of his home or business in August 2020, defendant was charged in an indictment with murder in the second degree and criminal possession of a weapon in the second degree. Defendant declined a plea offer that involved a waiver of his right to appeal and, instead, pleaded guilty to the indictment and preserved his right to appeal upon the understanding that he would be sentenced to a prison term of no less than 15 years to life, and no more than 25 years to life. County Court thereafter imposed concurrent prison sentences of 23 years to life on the murder conviction and 15 years, to be followed by five years of postrelease supervision, on the weapon possession conviction. Defendant appeals.

Defendant's sole argument on appeal is that the minimum term of imprisonment imposed by County Court should be reduced in the interest of justice. We disagree. County Court imposed concurrent sentences that were within the agreed-upon range and well below the 40 years to life in prison that defendant potentially faced had he been convicted at trial (see Penal Law §§ 70.00 [2] [a]; [3] [a] [i]; 70.02 [1] [b]; [2] [a]; [3] [b]; 70.30 [1] [d]). Defendant notes that he expressed remorse at sentencing, was only 24 years old at the time of the charged offenses and had mental health struggles, but fashioning an appropriate sentence involves the consideration of a variety of factors, including "the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence" (People v Ferrar, 52 NY2d 302, 305-306 [1981]; see People v Young, 94 NY2d 171, 181-182 [1999]).FN1 County Court accurately observed that comments made by defendant during the presentence investigation called the sincerity of his claimed remorse into question and, in view of his eventful criminal history and the nature of his conduct, we cannot say that the sentence was unduly harsh or severe (see People v Wilmarth, 227 AD3d 1282, 1283 [3d Dept 2024]; People v Duckett, 205 AD3d 1229, 1229-1230 [3d Dept 2022], lv denied 39 NY3d 939 [2022]).

Clark, J.P., Aarons, Pritzker, McShan and Mackey, JJ., concur.

ORDERED that the judgment is affirmed.

Footnotes

Footnote 1

Defendant's complaint that the People improperly speculated at sentencing regarding his motive for shooting the victim is unpreserved for our review and, in any event, there is no indication that County Court relied upon such in imposing sentence (see e.g.People v Caulfield, 236 AD3d 1180, 1180-1181 [3d Dept 2025]; People v Henderson, 305 AD2d 940, 942 [3d Dept 2003], lv denied 100 NY2d 582 [2003]).