THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT M. WILSON, Appellant. [825 NYS2d 651]—Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered September 26, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH, Appellant. [826 NYS2d 866]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered May 26, 2004. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree and felony driving while intoxicated.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [3]) and felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]). Defendant contends that County Court erred in denying his motion to withdraw his plea based on the alleged factual insufficiency of the plea allocution. We reject that contention. The record establishes that defendant agreed to the accuracy of the facts set forth in the police officer's report, and there is no requirement that a defendant personally recite the facts underlying the crimes to which he or she is pleading guilty (*see People v Kinch*, 237 AD2d 830 [1997], *lv denied* 90 NY2d 860 [1997]). Defendant failed to preserve for our review his further contention that he did not receive the bargained-for sentence (*see People v Haas*, 229 AD2d 733, 734 [1996], *lv denied* 88 NY2d 1021 [1996]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.