THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANE WHIPPLE, Appellant. [829 NYS2d 368]—Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered July 9, 2004. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of grand larceny in the second degree (Penal Law § 155.40 [1]). Defendant failed to move to withdraw her plea or to vacate the judgment of conviction and thus failed to preserve for our review her contention that her plea was not knowingly, voluntarily and intelligently entered (*see People v Peterson*, 35 AD3d 1195 [2006]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). In any event, we conclude that defendant's contention lacks merit. The record establishes that defendant confirmed the accuracy of Supreme Court's recitation of the facts underlying the crime, and contrary to her contention, there is no requirement that she personally recite those facts (*see People v Gunn*, 35 AD3d 1243 [2006]; *People v Spikes*, 28 AD3d 1101, 1102 [2006], *lv denied* 7 NY3d 818 [2006]). Finally, even assuming, arguendo, that defendant is correct that her waiver of the right to appeal is invalid and thus that the challenge to the severity of the sentence is properly before us (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), we nevertheless conclude that the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.