THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO WILLIAMS, Appellant. [848 NYS2d 795]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered July 25, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree and attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted robbery in the first

degree (Penal Law §§ 110.00, 160.15 [3]) and attempted rape in the first degree (§§ 110.00, 130.35 [1]). Even assuming, arguendo, that the waiver by defendant of the right to appeal is invalid and thus that his challenge to the severity of the sentence is properly before us (*see generally People v Lopez*, 6 NY3d 248, 256 [2006]), we nevertheless conclude that the sentence is not unduly harsh or severe. Defendant failed to preserve for our review his contention that he was entitled to jail time credit with respect to the duration of the order of protection (*see* CPL 470.05 [2]). In any event, we conclude that the order of protection need not be amended. At the time County Court issued the order of protection, the relevant statute provided that the duration of the order of protection "shall not exceed the greater of: (i) five years from the date of such conviction, or (ii) three years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [former (4)]). Defendant was sentenced on July 25, 2006 to determinate concurrent prison terms of nine years each, and the court issued an order of protection to remain in effect until July 25, 2017. Thus, the order of protection was 11 years in duration and, because defendant had been in custody for less than one year at the time of sentencing, the duration of the order of protection did not exceed the statutory limit of 12 years, even considering defendant's jail time credit. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.