■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BENTLEY, Appellant. [879 NYS2d 790]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 27, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and assault in the third degree (§ 120.00 [1]). Contrary to defendant's contention, County Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea (*see People v Porter*, 55 AD3d 1313 [2008], *lv denied* 11 NY3d 899 [2008]; *cf. People v Moyett*, 7 NY3d 892 [2006]). We conclude, however, that the waiver by defendant of the right to appeal does not encompass his challenge to the severity of the sentence because he waived his right to appeal before the court advised him of the maximum sentence he could receive (*see People v Martinez*, 55 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 927 [2009]; *People v Mingo*, 38 AD3d 1270 [2007]). Nevertheless, we reject defendant's contention that the sentence is unduly harsh or severe. Defendant failed to preserve for our review his contention that the court failed to take into account the jail time credit to which he is entitled in determining the duration of the order of protection (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Ortiz*, 43 AD3d 1348 [2007], *lv denied* 9 NY3d 1008 [2007]). We have considered the contentions raised by defendant in his pro se supplemental brief and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.