# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

364

KA 09-02238

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LORENZO R. RODRIGUEZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered August 24, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. The record establishes that defendant knowingly, intelligently and voluntarily waived his right to appeal as a condition of the plea bargain (*see generally People v Lopez*, 6 NY3d 248, 256). Supreme Court "engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v James*, 71 AD3d 1465, 1465 [internal quotation marks omitted]), and the court did not conflate defendant's waiver of the right to appeal with those rights that are automatically forfeited by a guilty plea (*see People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742; *cf. People v Moyett*, 7 NY3d 892). Contrary to defendant's contention, the court was not required to specify during the colloquy which specific claims survive the waiver of the right to appeal (*see Lopez*, 6 NY3d at 256). Defendant's remaining contentions are encompassed by his valid waiver of the right to appeal (*see generally id.* at 255).

Entered: March 23, 2012                          Frances E. Cafarell
                                                 Clerk of the Court