# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

93

KA 10-01029

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

DEVON L. DAVIS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered March 9, 2010. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree, criminal sexual act in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of kidnapping in the second degree (Penal Law § 135.20), criminal sexual act in the first degree (§ 130.50 [1]) and robbery in the second degree (§ 160.10 [1]). Defendant failed to preserve for our review his contention that his plea was not knowing, voluntary and intelligent because Supreme Court imposed a longer period of postrelease supervision (PRS) than it promised at the time of the plea. Contrary to defendant's further contention, preservation is required. The record establishes that "defendant was advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding. Because defendant could have sought relief from the sentencing court in advance of the sentence's imposition, [the] rationale [of *People v Louree* (8 NY3d 541, 546)] for dispensing with the preservation requirement is not presently applicable" (*People v Murray*, 15 NY3d 725, 727; *see People v Peque*, 22 NY3d 168, ___ [Nov. 19, 2013]).

Even assuming, arguendo, that defendant's waiver of the right to appeal was invalid and thus does not preclude our review of his challenge to the severity of his sentence (*see People v Williams*, 46 AD3d 1424, 1425; *People v Whipple*, 37 AD3d 1148, 1148, *lv denied* 8 NY3d 928), we nevertheless conclude that the sentence is not unduly

harsh or severe.