# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

269

KA 12-01932

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

GABRIEL VANN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered July 16, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), defendant contends that his waiver of the right to appeal is unenforceable and that his sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is unenforceable (*see People v Williams*, 46 AD3d 1424, 1425; *People v Whipple*, 37 AD3d 1148, *lv denied* 8 NY3d 928), or that it does not otherwise preclude his challenge to the severity of his sentence (*see People v Maracle*, 19 NY3d 925, 928), we nevertheless conclude that the negotiated sentence of a determinate term of one year plus one year of postrelease supervision is not unduly harsh or severe. We note that County Court initially placed defendant on interim probation, but defendant was arrested on new charges prior to sentencing and failed to comply with the terms and conditions of probation. We also note that defendant was released from prison in April 2013 and is nearing his maximum expiration date. We thus perceive no basis to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6]).

Entered: March 28, 2014                          Frances E. Cafarell
                                                 Clerk of the Court