# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**427**

**KA 12-00717**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHASITY L. WILSON, DEFENDANT-APPELLANT.

---

GERARD R. ROUX, II, EAST AMHERST, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered February 2, 2012. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]). Defendant failed to preserve for our review her contention that the guilty plea was not knowingly, intelligently, and voluntarily entered inasmuch as she failed to move to withdraw the plea or vacate the judgment of conviction (*see People v Zulian*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894). In any event, defendant's contention that she was not competent to enter both her guilty plea and the waiver of the right to appeal are without merit. Defendant stated during the plea colloquy that she was taking prescription medication for anxiety and depression, but "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" at the time she entered the plea and the waiver of the right to appeal (*People v Alexander*, 97 NY2d 482, 486; *see People v Sonberg*, 61 AD3d 1350, 1351, *lv denied* 13 NY3d 800). In response to County Court's inquiry, "defendant advised the court that [s]he was thinking clearly and understood the proceedings" (*Zulian*, 68 AD3d at 1732). The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 255-256; *People v Hidalgo*, 91 NY2d 733, 737).

Entered: May 2, 2014                          Frances E. Cafarell
                                              Clerk of the Court