# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**679**

**KA 12-01166**

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JEREMIAH JONES, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Jeffrey R. Merrill, A.J.), rendered February 1, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of two counts of burglary in the third degree (Penal Law § 140.20). We agree with defendant that he did not knowingly waive his right to appeal. "Although the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between County Court and defendant regarding the waiver of the right to appeal to ensure that it was knowingly, voluntarily and intelligently entered" (*People v Carno*, 101 AD3d 1663, 1664, *lv denied* 20 NY3d 1060; *see People v Briggs*, 115 AD3d 1245, 1246). Although defendant's contention that the plea was not knowingly, voluntarily, and intelligently entered thus is not precluded by the invalid waiver, he failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Robinson*, 112 AD3d 1349, 1349). Contrary to his contention, "this case does not fall within the rare exception to the preservation requirement because nothing in the plea allocution calls into question the voluntariness of the plea or casts 'significant doubt' upon his guilt" (*id.* at 1349, quoting *People v Lopez*, 71 NY2d 662, 666). The court did not abuse its discretion in terminating defendant from the drug treatment program after he violated the conditions of the program (*see* CPL 216.05 [9] [c]; *People v Dawley*, 96 AD3d 1108, 1109, *lv denied* 19 NY3d

1025).  The sentence is not unduly harsh or severe.

Entered:  June 13, 2014

Frances E. Cafarell
Clerk of the Court