# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

899

KA 13-00584

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

ALLEN FARMER, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL),
FOR RESPONDENT.

---------------------------------------------------------------------

Appeal from a judgment of the Steuben County Court (Joseph W.
Latham, J.), rendered February 15, 2006.  The judgment convicted
defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his
plea of guilty of assault in the first degree (Penal Law § 120.10
[1]), defendant contends that his plea was not knowingly, voluntarily,
and intelligently entered.  We note at the outset that we agree with
defendant that his waiver of the right to appeal was invalid because,
inter alia, County Court "improperly conflate[d] the waiver of the
right to appeal with those rights automatically forfeited by a guilty
plea" (*People v Bentley*, 63 AD3d 1624, 1625, *lv denied* 13 NY3d 742;
*see People v Moyett*, 7 NY3d 892, 893; *People v Campbell*, 62 AD3d 1265,
1266, *lv denied* 13 NY3d 795).  Nevertheless, "[a]lthough defendant's
contention that the plea was not knowingly, voluntarily, and
intelligently entered thus is not precluded by the invalid waiver, he
failed to preserve that contention for our review inasmuch as he did
not move to withdraw the plea or to vacate the judgment of conviction"
(*People v Jones*, 118 AD3d 1354, 1354, *lv denied* 24 NY3d 961; *see
People v Wilson*, 117 AD3d 1476, 1477).  Defendant likewise failed to
preserve for our review his challenge to the factual sufficiency of
the plea allocution (*see People v Lopez*, 71 NY2d 662, 665), and this
case does not fall within the rare exception to the preservation rule
(*see id.* at 666).  In addition, defendant failed to preserve for our
review his contention that the court erred in failing to assign him
new counsel inasmuch as defendant informed the court that he was
attempting to retain new counsel but never sought substitution of his
assigned counsel (*see* CPL 470.05 [2]).  In any event, defendant failed
to show good cause for substitution of his assigned attorney inasmuch

as his objections to his assigned counsel were vague and unsubstantiated (*see People v Linares*, 2 NY3d 507, 511; *see also People v Santiago*, 111 AD3d 1383, 1384, *lv denied* 23 NY3d 1025).

Finally, although defendant's invalid waiver of the right to appeal does not encompass his challenge to the severity of his sentence (*see e.g. People v Davis*, 114 AD3d 1166, 1167, *lv denied* 23 NY3d 1035; *People v Williams*, 46 AD3d 1424, 1425), we reject that challenge.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court