Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered February 15, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of assault in the first degree (Penal Law § 120.10 [1]), defendant contends that his plea was not knowingly, voluntarily, and intelligently entered. We note at the outset that we agree with defendant that his waiver of the right to appeal was invalid because, inter alia, County Court “improperly conflate [d] the waiver of the right to appeal with those rights automatically forfeited by a guilty plea” (People v Bentley, 63 AD3d 1624, 1625 [2009], lv denied 13 NY3d 742 [2009]; see People v Moyett, 7 NY3d 892, 893 [2006]; People v Campbell, 62 AD3d 1265, 1266 [2009], lv denied 13 NY3d 795 [2009]). Nevertheless, “[a]lthough defendant’s contention that the plea was not knowingly, voluntarily, and intelligently entered thus is not precluded by the invalid waiver, he failed to preserve that contention for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction” (People v Jones, 118 AD3d 1354, 1354 [2014], lv denied 24 NY3d 961 [2014]; see People v Wilson, 117 AD3d 1476, 1477 [2014]). Defendant likewise failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (see People v Lopez, 71 NY2d 662, 665 [1988]), and this case does not fall within the rare exception to the preservation rule (see id. at 666). In addition, defendant failed to preserve for our review his contention that the court erred in failing to assign him new counsel inasmuch as defendant informed the *1239 court that he was attempting to retain new counsel but never sought substitution of his assigned counsel (see CPL 470.05 [2]). In any event, defendant failed to show good cause for substitution of his assigned attorney inasmuch as his objections to his assigned counsel were vague and unsubstantiated (see People v Linares, 2 NY3d 507, 511 [2004]; see also People v Santiago, 111 AD3d 1383, 1384 [2013], lv denied 23 NY3d 1025 [2014]).
Finally, although defendant’s invalid waiver of the right to appeal does not encompass his challenge to the severity of his sentence (see e.g. People v Davis, 114 AD3d 1166, 1167 [2014], lv denied 23 NY3d 1035 [2014]; People v Williams, 46 AD3d 1424, 1425 [2007]), we reject that challenge.
Present — Scudder, P.J., Smith, Centra, Peradotto and Carni, JJ.