# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**929**

**KA 11-00192**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JEFFERY T. RUSSELL, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered November 30, 2010. The judgment convicted defendant, upon his plea of guilty, of arson in the second degree and arson in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of arson in the second degree (Penal Law § 150.15) and arson in the third degree (§ 150.10 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (§ 120.05 [4]).

Defendant contends in each appeal that his respective guilty pleas were not knowing, voluntary, and intelligent. That contention is not preserved for our review inasmuch as defendant did not move to withdraw his guilty pleas or move to vacate the judgments of conviction on that ground (*see People v Wilson*, 117 AD3d 1476, 1477; *People v Lewis*, 114 AD3d 1310, 1311, *lv denied* 22 NY3d 1200; *People v Lugg*, 108 AD3d 1074, 1075), and the narrow exception to the preservation rule does not apply here (*see People v Lopez*, 71 NY2d 662, 666). In any event, we conclude that defendant's "yes" and "no" answers during the plea colloquies do not invalidate his guilty pleas (*see Lewis*, 114 AD3d at 1311; *People v Dunham*, 83 AD3d 1423, 1424, *lv denied* 17 NY3d 794). Moreover, contrary to defendant's contention, we conclude that his answers "confirmed the accuracy of [County Court's] recitation of the facts underlying the crime[s], and . . . there is no requirement that [defendant] personally recite those facts" (*People v Whipple*, 37 AD3d 1148, 1148, *lv denied* 8 NY3d 928; *see People v Smith*, 35 AD3d 1256, 1256, *lv denied* 8 NY3d 927). We further conclude that

the court sufficiently inquired about defendant's mental health issues and medications and ensured that he was lucid and understood the proceedings during both plea colloquies, and his pleas were thus knowing, voluntary, and intelligent (*see People v Lear*, 19 AD3d 1002, 1002, *lv denied* 5 NY3d 807; *People v McCann*, 289 AD2d 703, 703-704).

With respect to appeal No. 1, defendant's contention that the court erred in failing to hold a presentence conference or summary hearing (*see* CPL 400.10 [1], [3]) to correct alleged errors in the preplea report is likewise unpreserved because, after defendant pleaded guilty, defense counsel failed to request a hearing after "reserving" his right to do so in his omnibus motion (*see* CPL 470.05 [2]).  In any event, the court did not abuse its discretion by proceeding to sentencing without a hearing inasmuch as "[t]he sentencing transcript establishes that the court did not rely upon the allegedly improper material included in the [preplea report] in sentencing defendant" in accordance with the plea agreement (*People v Gibbons*, 101 AD3d 1615, 1616; *see People v Sumpter*, 286 AD2d 450, 452, *lv denied* 97 NY2d 658; *see generally* CPL 400.10 [1]).

We reject defendant's contention that defense counsel was ineffective for failing to request a hearing to challenge the inclusion of information in the preplea report concerning his involvement in previous fires and his mental health diagnosis (*see* CPL 400.10 [1], [3]).  Although defendant correctly contends that erroneous information in a preplea report "create[s] an unjustifiable risk of future adverse effects to [him] in other contexts" (*People v Freeman*, 67 AD3d 1202, 1203), we conclude that defendant has made no showing that the information in the preplea report was inaccurate (*see People v Rudduck*, 85 AD3d 1557, 1557-1558, *lv denied* 17 NY3d 861).  Moreover, the record demonstrates that the information was gathered during the investigation to prepare the report and, although it may not have met the technical rules for admissibility at trial, it was properly included in the report (*see Rudduck*, 85 AD3d at 1557-1558; *People v Thomas*, 2 AD3d 982, 984, *lv denied* 1 NY3d 602).  Thus, under the circumstances presented, we conclude that a request for such a hearing would have had little to no chance of being granted (*see People v Caban*, 5 NY3d 143, 152).

We reject defendant's further contention that defense counsel was ineffective for failing to dispute defendant's "ability to know" that he had set a fire, or that there were people in the building, in light of the results of a subsequent test of his blood alcohol level.  We construe defendant's contention as involving the element of intent set forth in Penal Law § 150.15 and § 150.10 (1) and/or the element of knowledge of the presence of a person in the building or reasonable possibility thereof pursuant to section 150.15 (*see generally* § 15.25; *People v Brown*, 52 AD3d 248, 249, *lv denied* 11 NY3d 735).  The general rule is that an intoxicated person may form the required intent to commit a crime, and it is for the jury to decide if the extent of the intoxication acted to negate the element of intent (*see People v Dorst*, 194 AD2d 622, 622, *lv denied* 82 NY2d 924; *People v Rivera*, 170 AD2d 625, 626, *lv denied* 77 NY2d 999).  The decision whether to pursue

an intoxication defense is clearly one of strategy (*see Swail v Hunt*, 742 F Supp 2d 352, 366).  Here, defendant admitted during his plea allocution that he intentionally damaged a building by starting a fire, and that he knew that another person was in the building or that the circumstances were such as to render the presence of such a person a reasonable possibility.  Under the circumstances presented on this record, we conclude that defendant has failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged failure to pursue an intoxication defense (*People v Rivera*, 71 NY2d 705, 709).  Thus, defendant failed to meet the requisite burden in support of his claim of ineffective assistance of counsel (*see id.*).

Finally, the sentence is not unduly harsh or severe.

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court