# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**68**

**KA 14-01980**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                      MEMORANDUM AND ORDER

TIMOTHY C. DEPETRIS, DEFENDANT-APPELLANT.

---

MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (GEORGE V.C. MUSCATO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered June 30, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree (three counts), criminal use of a firearm in the first degree and criminal trespass in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in denying his motion to withdraw his plea of guilty. Although the record establishes that defendant had attempted to commit suicide while incarcerated three weeks before the plea, that he was taking prescribed antidepressants, and that he was emotionally upset during the plea proceedings, we reject his contention that his mental health condition prevented him from understanding the proceedings and entering a knowing and voluntary plea (*see People v Wilson*, 117 AD3d 1476, 1477; *see also People v Alexander*, 97 NY2d 482, 485-486). In denying the motion, the court acknowledged that defendant was depressed when he entered the plea, in part because he was placed in isolation after allegedly plotting three murders from the jail, but it nevertheless determined that defendant's plea was knowing and voluntary. There is no basis to disturb that determination. We conclude that the court "conducted an inquiry that 'was sufficient to ensure that the plea was voluntary' " (*People v Zuliani*, 68 AD3d 1731, 1732, *lv denied* 14 NY3d 894). The record establishes that defendant understood the proceedings; that he declined the court's offer to change any of his responses; that his medication did not affect his

ability to understand the proceedings; and that he admitted the factual basis for each count of the indictment before pleading guilty. Although defendant initially denied that he attempted to kill the victim, after he consulted with counsel, he admitted that he did so. Thus, the record belies defendant's contention that he was confused and did not understand the consequences of the plea (*see People v Williams*, 103 AD3d 1128, 1129, *lv denied* 21 NY3d 915).

Entered:  February 5, 2016                              Frances E. Cafarell
                                                        Clerk of the Court