# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**713**

**KA 13-00941**

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                              MEMORANDUM AND ORDER

THOMAS J. RICHARDSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE LAW OFFICE OF GUY A. TALIA (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered March 26, 2013. The judgment convicted defendant, after a nonjury trial, of incest in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of incest in the third degree (Penal Law § 255.25) and sentencing him, as a second felony offender, to an indeterminate term of incarceration of 2 to 4 years. Defendant's sole contention on appeal is that Supreme Court erred in failing to redact or correct allegedly inaccurate or otherwise improper information contained in the presentence report (PSR) concerning defendant's present offense. We conclude that defendant has failed to preserve his contention for our review (*see People v Russell*, 133 AD3d 1199, 1200, *lv denied* 26 NY3d 1149). Although defense counsel brought the alleged errors in the PSR to the sentencing court's attention (*see generally People v Williams*, 89 AD3d 1222, 1224, *lv denied* 18 NY3d 887), he failed to request any corrective action. As we held in *People v James* (114 AD3d 1312, 1312), "[i]f the investigation report contains incorrect information, [defendant] should object at sentencing to the inclusion of the erroneous information and move to strike it" (internal quotation marks omitted).

In any event, " 'defendant has made no showing that the information [in the PSR] was inaccurate' " (*People v Rudduck*, 85 AD3d 1557, 1558, *lv denied* 17 NY3d 861; *see People v James*, 140 AD3d 1628, 1628). The contention that the PSR may not refer to accusations and charges of which defendant was acquitted as part of the instant prosecution is belied by the regulations and statutes cited by

defendant (*see* 9 NYCRR 350.1 [e], incorporating by reference Penal Law § 60.27 [4] [a]; *see also* 9 NYCRR 350.6 [c] [1] [iv]).

Entered:  September 30, 2016                          Frances E. Cafarell
                                                     Clerk of the Court