# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**319**

**KA 14-01049**

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ORLANDO J. ALICEA, ALSO KNOWN AS CAPO ALICEA,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

ORLANDO J. ALICEA, DEFENDANT-APPELLANT PRO SE.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 31, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his guilty plea of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and one count of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his guilty plea of one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The two pleas were entered in a single plea proceeding.

Defendant contends in each appeal that his respective guilty pleas were not knowingly, voluntarily, and intelligently entered. We note, however, that he failed to preserve that contention for our review inasmuch as he did not move to withdraw his respective pleas or to vacate the respective judgments of conviction on that ground (*see People v Brinson*, 130 AD3d 1493, 1493, *lv denied* 26 NY3d 965). This case does not fall within the rare exception to the preservation doctrine because "nothing in the plea colloqu[ies] casts significant doubt on defendant's guilt or the voluntariness of the plea[s]" (*id.* [internal quotation marks omitted]; *see generally People v Lopez*, 71 NY2d 662, 666). In any event, defendant's contention lacks merit. We

conclude that County Court and the prosecutor did not coerce defendant's guilty pleas merely by informing him of the range of sentences he faced if he was convicted after trial, committed additional offenses, or violated the plea agreement (*see People v Pitcher*, 126 AD3d 1471, 1472, *lv denied* 25 NY3d 1169).  In addition, we conclude that defendant's " 'yes' and 'no' answers during the plea colloquies do not invalidate his guilty pleas" (*People v Russell*, 133 AD3d 1199, 1199, *lv denied* 26 NY3d 1149).  To the contrary, the record shows that " '[d]efendant admitted each element of the offense[s] during his plea [colloquies]' " (*People v Newsome*, 140 AD3d 1695, 1696, *lv denied* 28 NY3d 973; *see Russell*, 133 AD3d at 1199).  Moreover, the record "do[es] not indicate that he lacked an understanding of the nature and consequences of his plea[s]" (*People v Emm*, 23 AD3d 983, 984, *lv denied* 6 NY3d 775).

Contrary to the contention concerning both appeals in defendant's pro se supplemental brief, we conclude that the court had jurisdiction to accept his guilty pleas inasmuch as the entry of those pleas complied with CPL 220.10 (*see generally People v Johnson*, 89 NY2d 905, 907).  In appeal No. 1, the court properly accepted defendant's plea of guilty to five class B felonies that were charged in the indictment and dismissed the remaining counts (*see* CPL 220.10 [4], [5] [a] [iii]).  In appeal No. 2, the court properly accepted defendant's plea of guilty to a class B felony, which constituted the sole count charged in the superior court information (*see* CPL 200.10, 220.10 [2], [5] [a] [iii]).

Finally, the sentence in each appeal is not unduly harsh or severe.

Entered:  March 24, 2017                      Frances E. Cafarell
                                              Clerk of the Court