People v May (2018 NY Slip Op 02099)





People v May


2018 NY Slip Op 02099


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


409 KA 17-00396

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID MAY, DEFENDANT-APPELLANT. 






JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.
JEFFREY S. CARPENTER, DISTRICT ATTORNEY, HERKIMER (ROBERT R. CALLI, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered February 17, 2017. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law
§ 140.20). Defendant failed to preserve for our review his contention that the guilty plea was not knowingly, intelligently, and voluntarily entered inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on the grounds advanced on appeal (see CPL 470.05 [2]; People v Landry, 132 AD3d 1351, 1351 [4th Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Wilson, 117 AD3d 1476, 1477 [4th Dept 2014]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant's contention that the superior court information is jurisdictionally defective is not properly before us. "The [information] was superseded by the indictment to which defendant pleaded guilty, and he therefore may not challenge" the information on appeal (People v Anderson, 90 AD3d 1475, 1477 [4th Dept 2011], lv denied 18 NY3d 991 [2012]; see People v Mitchell, 132 AD3d 1413, 1416 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]).
Defendant's contention that defense counsel was ineffective in failing to communicate with him " involve[s] matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440' " (People v Rausch, 126 AD3d 1535, 1536 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). Finally, defendant's
sentence is not unduly harsh or severe.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court