People v Johnson (2019 NY Slip Op 01017)





People v Johnson


2019 NY Slip Op 01017


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


170 KA 17-01709

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHAMIA N. JOHNSON, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 4, 2016. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, the record establishes that she knowingly, voluntarily and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]) and, contrary to defendant's further contention, "[Supreme] Court did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea" (People v Bentley, 63 AD3d 1624, 1625 [4th Dept 2009], lv denied 13 NY3d 742 [2009]; see People v Bradshaw, 18 NY3d 257, 264 [2011]). Defendant's valid waiver of the right to appeal forecloses her challenge to the severity of the sentence (see Lopez, 6 NY3d at 255; see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court