People v Cato (2021 NY Slip Op 06269)





People v Cato


2021 NY Slip Op 06269


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


901 KA 19-02116

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON E. CATO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered September 12, 2019. The judgment convicted defendant upon his plea of guilty of criminal sale of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him upon his pleas of guilty during a single plea proceeding of, respectively, three counts and one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). We affirm in both appeals.
Initially, to the extent that the purported waiver of the right to appeal is relevant to any of defendant's contentions, we conclude that he did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Parker, 189 AD3d 2065, 2065-2066 [4th Dept 2020], lv denied 36 NY3d 1122 [2021]).
Defendant contends that his pleas were not voluntarily, knowingly, and intelligently entered because County Court did not ensure that defendant, who reportedly suffers from mental health conditions, was competent to enter the pleas. Defendant failed to preserve his contention for our review inasmuch as he did not move to withdraw the pleas or to vacate the judgments of conviction on that ground (see People v Russell, 133 AD3d 1199, 1199 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). This case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; see Russell, 133 AD3d at 1199; Williams, 124 AD3d at 1285-1286). In any event, defendant's contention lacks merit. " 'A history of prior mental illness or treatment does not itself call into question [a] defendant's competence' " and, here, "[t]here is no indication in the record that defendant was unable to understand the proceedings or that he was mentally incompetent at the time he entered his guilty plea[s]" (People v Williams, 35 AD3d 1273, 1275 [4th Dept 2006], lv denied 8 NY3d 928 [2007] [internal quotation marks omitted]; see Williams, 124 AD3d at 1286). Indeed, the court "sufficiently inquired about defendant's mental health issues and medications and ensured that he was lucid and understood the proceedings" (Russell, 133 AD3d at 1199-1200), and "[t]here was not the slightest indication that defendant was uninformed, confused or incompetent" at the time he entered the pleas (People v Alexander, 97 NY2d 482, 486 [2002]; see People v Wilson, 117 AD3d 1476, 1477 [4th Dept 2014]).
To the extent that defendant's further contention that he was denied effective assistance of counsel survives his pleas of guilty (see People v Corron, 180 AD3d 1330, 1331 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Robinson, 39 AD3d 1266, 1267 [4th Dept 2007], lv denied 9 NY3d 869 [2007]), we conclude that it is without merit inasmuch as the record [*2]establishes that defendant received "an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Ford, 86 NY2d 397, 404 [1995]). Defendant also contends that his attorney took positions adverse to him during the sentencing proceeding, and that the court thus erred in failing to sua sponte appoint new counsel. That contention lacks merit inasmuch as defendant's attorney did not take a position adverse to defendant (see People v Tracy, 125 AD3d 1517, 1518 [4th Dept 2015], lv denied 27 NY3d 1008 [2016]; see also People v Washington, 25 NY3d 1091, 1095 [2015]; People v Mishoe, 162 AD3d 529, 530 [1st Dept 2018], lv denied 32 NY3d 1113 [2018]).
We have considered defendant's remaining contentions raised in these appeals and conclude that none warrants reversal or modification of the judgments.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court