People v Tisdale (2022 NY Slip Op 04482)

People v Tisdale

2022 NY Slip Op 04482

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

466 KA 20-01677

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. TISDALE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

KELIANN M. ARGY, ORCHARD PARK, FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ADAM W. KOCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered October 29, 2020. The judgment convicted defendant upon his plea of guilty of aggravated family offense. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of one count of aggravated family offense (Penal Law § 240.75 [1]), defendant contends that his guilty plea was not knowingly, voluntarily, and intelligently entered. Initially, as defendant asserts and the People correctly concede, that contention survives defendant's waiver of the right to appeal (see People v Stafford, 195 AD3d 1466, 1466 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]). However, it is unpreserved for our review inasmuch as defendant did not move to withdraw his guilty plea or vacate the judgment of conviction (see generally People v Bush, 38 NY3d 66, 70 [2022]; People v Sheppard, 149 AD3d 1569, 1569 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; People v Jones, 118 AD3d 1354, 1354 [4th Dept 2014], lv denied 24 NY3d 961 [2014]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, defendant's further contention that the indictment was duplicitous and multiplicitous was forfeited by defendant's guilty plea and, in any event, the waiver of the right to appeal encompasses that contention (see People v Jackson, 129 AD3d 1342, 1342-1343 [3d Dept 2015]; People v Slingerland, 101 AD3d 1265, 1266 [3d Dept 2012], lv denied 20 NY3d 1104 [2013]; People v Nichols, 32 AD3d 1316, 1317 [4th Dept 2006], lv denied 8 NY3d 848 [2007], reconsideration denied 8 NY3d 988 [2007]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court