People v Bentley (2024 NY Slip Op 03261)

People v Bentley

2024 NY Slip Op 03261

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

251 KA 22-01188

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHARY BENTLEY, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARK MOODY, ACTING DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered June 3, 2021. The judgment convicted defendant upon his plea of guilty of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of robbery in the second degree (Penal Law § 160.10 [1]). Assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of any of defendant's contentions (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Henry, 207 AD3d 1062, 1062-1063 [4th Dept 2022], lv denied 39 NY3d 940 [2022]; see generally People v Thomas, 34 NY3d 545, 561-562 [2019], cert denied — US —, 140 S Ct 2634 [2020]), we reject defendant's contention that the sentence is unduly harsh and severe.
We conclude that defendant failed to preserve for our review his contention regarding the voluntariness of his plea (see People v Secrist, 74 AD3d 1853, 1853 [4th Dept 2010], lv denied 16 NY3d 863 [2011]). In any event, we conclude that the contention lacks merit (see People v Alicea, 148 AD3d 1662, 1663 [4th Dept 2017], lv denied 29 NY3d 1122 [2017]).
In his reply brief, defendant has withdrawn his further contention that County Court violated his right to be physically present at sentencing (see CPL 380.40). We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court