People v Goodman
2026 NY Slip Op 03479
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Reginald Goodman, Appellant.

Decided and Entered:June 4, 2026
CR-23-1638
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Sandra M. Colatosti, Albany, for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline B. McCaffrey of counsel), for respondent.

[*1]
Pritzker, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered April 13, 2023, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.
In March 2022, defendant was charged by indictment with murder in the second degree and criminal possession of a weapon in the second degree stemming from an incident the month prior in the City of Watervliet, Albany County. A jury ultimately acquitted defendant of murder in the second degree but convicted him of criminal possession of a weapon in the second degree, and he was sentenced to a prison term of 15 years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant argues that County Court erred in denying his Batson challenge. We disagree. "A Batson challenge contemplates a three-step process. At step one, the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (People v Saunders, 244 AD3d 1581, 1583 [3d Dept 2025] [internal quotation marks and citations omitted]; see People v Wright, 42 NY3d 708, 714-715 [2024]). Here, defendant based his Batson claim on the People's use of a peremptory challenge to remove juror No. 172, arguing that she was struck for no reason other than her race and that she was the second juror of color struck by the People. In response, County Court directed the People to offer a race-neutral reason for the challenge, thus reaching step two of the Batson process. On appeal, defendant argues that the court erred at the third step of the Batson procedure and should have found the People's peremptory challenge to be discriminatory.
When asked by County Court for a race-neutral reason for their challenge, the People responded that it was because the prospective juror's son was incarcerated at the time. The court then inquired of defendant whether the reason proffered by the People was pretextual and reminded defendant that he bore "the ultimate burden of persuading the [c]ourt." Defendant responded that prospective juror No. 172 stated that she would be fair and impartial despite her son's incarceration and that it did not appear that she was biased toward either side. The court then denied the Batson challenge, concluding that the People's strike was genuine and based on the nonpretextual reason proffered by the People. "According the requisite deference to [County] Court's determination, we [discern] no error in its finding that the proffered justification[ was] valid and nonpretextual" (People v Thaxton, 222 AD3d 1175, 1178 [3d Dept 2023] [internal quotation marks [*2]and citations omitted], lv denied 42 NY3d 927 [2024]; see People v Cruz, 238 AD3d 1327, 1328-1329 [3d Dept 2025], lv denied 43 NY3d 1054 [2025]).
Defendant also argues that County Court abused its discretion by failing to make certain redactions to the presentence report. While true that "failing to redact erroneous information from the presentence . . . report creates an unjustifiable risk of future adverse effects to defendant in other contexts" (People v Infinger, 194 AD3d 1183, 1188 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 965 [2021]), defendant failed to show that the subject information was false or inaccurate (see People v Rudduck, 85 AD3d 1557, 1558 [4th Dept 2011], lv denied 17 NY3d 861 [2011]). Finally, considering defendant's prior criminal history and lack of remorse prior to sentencing, as well as "the tragic consequences of his actions," we do not find the imposition of the maximum term of imprisonment to be unduly harsh or severe (People v Breedlove, 223 AD3d 939, 941 [3d Dept 2024], lv denied 41 NY3d 964 [2024]; see CPL 470.15 [6] [b]; People v Fessette, 244 AD3d 1311, 1313 [3d Dept 2025], lv denied 45 NY3d 945 [2026]). Any contentions not specifically addressed have been found to be unpreserved or without merit.
Clark, J.P., Aarons, McShan and Ryba, JJ., concur.
ORDERED that the judgment is affirmed.