People v Washington (2019 NY Slip Op 01994)





People v Washington


2019 NY Slip Op 01994


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1397 KA 16-01755

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEMARIO WASHINGTON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DEMARIO WASHINGTON, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered August 30, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and Supreme Court, Erie County, is directed to redact the phrase "described the defendant as a sociopath and" from all copies of defendant's presentence report.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of manslaughter in the first degree (Penal Law
§ 125.20 [1]). Contrary to defendant's contention in his main brief, " the waiver of the right to appeal was not rendered invalid based on [Supreme C]ourt's failure to require defendant to articulate the waiver in his own words' " (People v Scott, 144 AD3d 1597, 1597 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]). Here, the plea colloquy and the written waiver of the right to appeal signed by defendant demonstrate that he "knowingly, intelligently and voluntarily waived the right to appeal, including the right to appeal the severity of the sentence" (People v Hill, 162 AD3d 1762, 1762 [4th Dept 2018], lv denied 32 NY3d 1004 [2018] [internal quotation marks omitted]). Defendant's contention in his main and pro se supplemental briefs that his sentence is unduly harsh and severe is foreclosed by his valid waiver of the right to appeal (see People v Hidalgo, 91 NY2d 733, 737 [1998]). We reject defendant's contention in his main brief that the waiver was rendered invalid with respect to the severity of the sentence based on the court's failure to advise him that, by operation of Penal Law § 70.25 (2-a), his sentence must run consecutively to an undischarged term of incarceration on a prior conviction (see generally People v Belliard, 20 NY3d 381, 383, 389 [2013]).
Defendant further contends in his main brief that the court erred in failing to redact allegedly inaccurate or otherwise improper information contained in the presentence report (PSR) concerning the present offense. We note that defendant's contention survives his valid waiver of the right to appeal because it does not implicate the procedures utilized in entering his plea or in imposing his sentence (cf. People v Abdul, 112 AD3d 644, 645 [2d Dept 2013], lv denied 22 NY3d 1136 [2014]). A failure "to redact erroneous information from the PS[R] create[s] an unjustifiable risk of future adverse effects to defendant in other contexts, including appearances before the Board of Parole or other agencies" (People v Freeman, 67 AD3d 1202, 1203 [3d Dept 2009]). "An inaccurate PS[R] could keep a defendant incarcerated for a longer duration of time, affect future determinations of his or her legal status in court, as well as affect other rights regulated by the state. These risks are enough to justify redaction" (id.). We agree with defendant that the inclusion in the PSR of the arresting officer's reference to defendant as a "sociopath" was inappropriate and inflammatory. The term is a professional one and "such a [*2]diagnosis should be left to qualified professionals" (People v Boice, 6 Misc 3d 1014[A], 2004 NY Slip Op 51788[U], *6 [Chemung County Ct 2004]). We therefore direct Supreme Court to redact the phrase "described the defendant as a sociopath and" from all copies of defendant's PSR. We conclude, however, that defendant failed to meet his burden of establishing that the other challenged statement in the PSR is inaccurate (see People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Rudduck, 85 AD3d 1557, 1557-1558 [4th Dept 2011], lv denied 17 NY3d 861 [2011]).
The claims of ineffective assistance of counsel raised in defendant's pro se supplemental brief "concern[] matters outside the record and thus must be raised by way of a motion pursuant to CPL article 440" (People v Atkinson, 105 AD3d 1349, 1350 [4th Dept 2013], lv denied 24 NY3d 958 [2014]; see People v Huddleston, 160 AD3d 1359, 1361-1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]). Finally, although defendant's remaining contention in his pro se supplemental brief that his factual colloquy negated an essential element of the crime to which he pleaded guilty survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review "because he did not move to withdraw the plea or to vacate the judgment of conviction, and this case does not fall within the rare exception to the preservation requirement" (People v Tapia, 158 AD3d 1079, 1080 [4th Dept 2018], lv denied 31 NY3d 1088 [2018]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court